[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14368
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00348-CR-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY RIEARA,
a.k.a. Pretty Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 4, 2010)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Corey Rieara[1] appeals from the district court's imposition of a sentence above the advisory Sentencing Guidelines range for his violation of the terms of his supervised release. He argues that the district court erred by considering unproven conduct and unreliable hearsay. He also contends that his sentence was substantively unreasonable. Having considered these arguments in light of the record, we affirm.

I

In 2000, Rieara was sentenced to nine years' imprisonment following his guilty plea to drug-possession charges under 21 U.S.C. § 841(a)(1). The sentencing court also imposed a three-year term of supervised release under 18 U.S.C. § 3583. Rieara was released from prison in 2008.

In 2009, Rieara was arrested by police in Sandy Springs, Georgia for a deadly shooting at an apartment complex. The extent of Rieara's involvement was unclear, but he had been shot in the leg, and police found his cell phone, one of his shoes, and his fingerprint near the apartment where the shooting occurred. Although state authorities initially charged Rieara with murder and firearms-possession offenses, he was never indicted. Upon learning of the state charges, a

---

[1] Rieara claims that his real name is Joseph Ellis, which is what his state parole officer called him. For the sake of consistency with our case caption, we refer to him as Cory Rieara.

federal probation officer petitioned for the revocation of Rieara's supervised release on the grounds that he had committed crimes, frequented places where drugs were used or distributed, and associated with persons engaging in criminal activity. After considering the testimony of Rieara's state parole officer and the lead detective in the Sandy Springs investigation, the district court revoked Rieara's release and sentenced him to three years in prison and an additional two years of supervised release. Rieara appeals.

II

At Rieara's revocation hearing, his attorney conceded that he had violated Georgia law by lying to the police about whether he had rented a car and gone to work on the day of the shooting.[2] The Government informed the court that these lies constituted a Grade C violation of Rieara's supervised release under U.S.S.G. § 7B1.1(a), and the parties agreed that the Sentencing Guidelines' advisory range was three to nine months under U.S.S.G. § 7B1.4.[3] Rieara's attorney asked for a

---

[2] *See* O.C.G.A. § 16-10-20 ("A person who knowingly and willfully . . . makes a false, fictitious, or fraudulent statement or representation . . . in any matter within the jurisdiction of any department or agency . . . of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.").

[3] On appeal, the Government has suggested for the first time that Rieara committed a more serious, Grade B violation. We decline to consider this argument and assume, for our purposes, that the district court sentenced Rieara for a Grade C violation.

three-month sentence, but the Government requested a nine-month sentence because Rieara had been "associated" with a "drug deal gone bad."

Rieara denied any involvement in the shooting and argued that the evidence gathered from the apartment complex was insufficient to connect him with any criminal activity. Through his attorney, Rieara claimed that he had been shot for unknown reasons outside a nearby gas station. In response, the Government proffered the testimony of his state parole officer, who recounted a jailhouse conversation she had had with him after his arrest. During that conversation, Rieara had told her that he had been shot at the apartment complex after going there to buy marijuana.

The Government also introduced the testimony of David Romero, the lead detective at the scene of the shooting. After the court overruled Rieara's hearsay objection, Detective Romero testified that Rieara had told another police officer the story about being shot outside the gas station. Romero also testified that although his investigation had uncovered evidence of drug sales and a shootout at the apartment complex, no evidence of any altercation had been found at the gas station.

After receiving this testimony, the court revoked Rieara's supervised release. The court observed that Rieara had admitted lying to the police about

renting a car and going to work. And the court noted "pretty compelling" evidence that the shooting "was a drug deal that went bad." Finally, the court found that Rieara was "clearly guilty" of associating with criminals and frequenting places where illegal drugs were sold because his story about being shot at the gas station "didn't add up." After entertaining argument on the appropriate sentence, the court imposed a three-year prison sentence and two more years of supervised release.

III

We review the sentence imposed upon the revocation of a defendant's supervised release for an abuse of discretion. *See United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). The question is whether the sentence was reasonable in light of the considerations outlined in 18 U.S.C. § 3553(a).[4] *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). We review the district court's factual findings for clear error, *United States v. Askew*, 193 F.3d 1181,

---

[4] *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) ("[T]he district court must consider several factors to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims." (citing 18 U.S.C. § 3553(a))).

1183 (11th Cir. 1999), and Rieara bears the burden of establishing that his sentence is unreasonable, *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Rieara's first argument on appeal is that the district court impermissibly based his sentence on speculation and unproven conduct. We disagree. The district court was required to consider "the circumstances of the offense" before imposing sentence. 18 U.S.C. § 3553(a)(1). We may not limit "the information concerning the background, character, and conduct of a person convicted of an offense [that] a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Accordingly, we have held that district courts may even consider conduct for which a defendant has been acquitted if the Government has proved it by a preponderance of the evidence. *United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir. 2006).

At any rate, the district court did not sentence Rieara for any unproved role in the apartment-complex shooting. On the contrary, the court considered the circumstances surrounding Rieara's lies to the police during a murder investigation. In light of Rieara's statements to his parole officer and the evidence linking him to the scene of the crime, the district court did not err by concluding that Rieara's misconduct was more serious than a simple false statement.

The court did refer to several "misrepresentations," regarding the identity of Rieara's girlfriend and his living arrangements, that he apparently never made. But the transcript of Rieara's revocation hearing shows that the court referred to those misrepresentations only once, and in passing. We therefore conclude that its error was harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992) ("[A] remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed.").

Rieara's second argument is that the district court impermissibly relied on unreliable hearsay when it considered Detective Romero's testimony. "Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements. Among these minimal requirements is the right to confront and cross-examine adverse witnesses." *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994) (citations omitted). We have thus held that before admitting hearsay evidence in revocation proceedings, district courts "must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.*

It is undisputed here that the court did not conduct this balancing test. Nevertheless, we conclude that the error was harmless. *See Frazier*, 26 F.3d at 114; *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999) ("An error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights." (quotation marks and brackets omitted)). The hearsay testimony elicited from Detective Romero merely repeated the gas-station story that Rieara, through counsel, had already told the court.[5] Even if the court had excluded the hearsay, its conclusion that Rieara's story "didn't add up" would have been the same.

Finally, Rieara argues that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a). But "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and we will only vacate a sentence "if we are left with the definite and firm conviction that the district court committed a clear error of judgment" by imposing "a sentence

---

[5] The Government argues that this was not hearsay because it was not offered to prove that Rieara's story was true. *Cf.* Fed. R. Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). This argument relies on a faulty understanding of the relevant inquiry. Rieara's own statements were not hearsay because they were admissions by a party–opponent. *See id.* 801(d)(2). The hearsay in this case consisted in the statements of the nontestifying officer who told Detective Romero what Rieara had said. Romero's testimony *was* offered to prove the truth of the matter asserted—namely, that Rieara had given the other officer a potentially false alibi.

that lies outside the range of reasonable sentences dictated by the facts of the case." *Clay*, 483 F.3d at 743 (quotation marks omitted). Our review is deferential: "A district court may impose a sentence that is either more severe or lenient than the sentence we would have imposed," as long as its sentence is reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Rieara's sentence was below the statutory maximum of five years,[6] and the district court explained that all of the § 3553(a) factors had been "carefully considered." *Cf. Talley*, 431 F.3d at 786 ("[W]hen the district court considers the factors of section 3553(a), it need not discuss each of them."). The court specifically addressed Rieara's criminal history and the fact that he had obstructed a murder investigation. That we might have imposed a more lenient sentence is irrelevant; "there is a range of reasonable sentences from which the district court may choose," *id.* at 788, and we cannot say on the record before us that the court abused its discretion. Rieara's sentence is therefore

**AFFIRMED.**

---

[6] *See* 18 U.S.C. § 3583(e)(3) ("[A] defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony . . . ."). Rieara's 2000 drug conviction was a class A felony. *See id.* § 3559; 21 U.S.C. § 841(b)(1)(A)(iii).